## Commonwealth *ex rel.* Rohn *versus* Kryder.

1. This Court has no jurisdiction to review the decision of a Court of Common Pleas upon a *habeas corpus* issued by that Court to determine the custody of a child.

2. No *certiorari* is effectual to bring up anything but the record.

3. Two associate judges of the Common Pleas may overrule a law judge upon the decision of a *habeas corpus*.

CERTIORARI to the Common Pleas of *Clinton County* in the matter of the Commonwealth of Pennsylvania *ex rel.* John Rohn against Durell Kryder and Catharine Rohn.

On the 8th of April, 1880, John Rohn presented a petition setting forth that his daughter, Laura M. Rohn, aged three years and six months, was restrained of her liberty by Durell Kryder and Catharine Rohn; that she was not detained for any criminal or supposed criminal matter, and praying for a writ of *habeas corpus*.

The writ was issued the same day.

On the 9th of April Durell Kryder, one of the respondents, made answer that he had not then, and had not had at any previous time, the control or custody of the child.

Catharine Rohn, the other respondent, made answer by producing the body of the child in court.

At the hearing before the law judge and two associate judges, it appeared that John Rohn, the relator, and Catharine Rohn, the respondent, were husband and wife, and Laura M. Rohn was their daughter. On the 7th of June, 1878, articles of agreement were entered into between John Rohn and Catharine Rohn, and Durell Kryder as trustee for Catharine Rohn, by which John and Catharine Rohn agreed to live separate and apart from each other during the remainder of their natural lives, and John agreed to pay for the support of Catharine $1050, and for the support and clothing of Laura M. $3 per week payable quarterly, until she should arrive at the age of three years, March 26th, 1880, "when the said party of the first part (John Rohn) shall be entitled to the custody and keeping of the said child forever afterwards." Catharine agreed to relinquish all right to dower. Durell Kryder, the trustee, bound himself for her covenants. On the same day John Rohn paid the $1050.

Subsequently he paid the $3 per week for the support of Laura M. until March 26th, 1880, after which time he demanded the custody of the child from the respondents, and was refused. He then asked for the writ of *habeas corpus.*

The additional law judge, J. H. ORVIS, filed an opinion, ordering " that the child, Laura M. Rohn, be remanded to the care and custody of the respondent, Catharine Rohn, its mother, until further orders."

The associate judges, JOHN W. SMITH and CLINE QUIGLEY, dissented " from so much of the foregoing opinion as holds that the best interest of the child, Laura M., requires it to be left with the mother, and we therefore order the said child, Laura M., to be delivered to the relator, John Rohn, upon the express condition that Catharine Rohn, the mother, shall have the privilege of visiting the said child without molestation at all times she may see proper to do so."

The respondents took out a *certiorari,* and assigned as error that the Court erred in awarding the custody of the child to the relator, and that the associate judges erred in overruling the decision of the law judge. The relator and defendant in error, June 6th, 1881, moved to quash the writ for the reasons that:

*Habeas corpus* proceedings are not reviewable by this Court on *certiorari;* being discretionary they will not be reviewed ; the judges of the Common Pleas having original jurisdiction in *habeas corpus* with the judges of the Supreme Court, this Court will not review ; a *certiorari* can only lie in cases of this kind as ancillary to a writ of *habeas corpus;* the adjudication is not final, and the record is not defective or irregular.

*H. T. Harvey* for plaintiff in error.

The writ of *habeas corpus* and *certiorari* may be used as ancillary to each other, and when a court has authority to send a *certiorari* to remove proceedings on a *habeas corpus* from an inferior court for review, they may go back into the evidence because of their official superiority : Gosline *v.* Place, 8 Casey, 520 ; Williamson *v.* Lewis, 3 Wr., 9.

A *certiorari* is a writ of error in all but form : Cooke *v.* Reinhart, 1 Rawle, 317 ; Grubb's Appeal, 1 Norris, 23 ; Chase *v.* Miller, 5 Wr., 403.

Where the associate judges have interfered with the law judge in matters of law it has met with the prompt condemnation of this Court: Oil Co. *v.* Carothers, 13 P. F. Smith, 379 ; Iron Co. *v.* Snyder, 3 Norris, 397.

*T. T. Abrams* for defendant in error.

The only way to bring the facts before the Court is by

another writ of *habeas corpus:* Commonwealth *v.* Keeper, 1 Ashmead, 10.

On a *certiorari* the Court will not review the decision on the evidence: Shenango *v.* Wayne, 34 Penna. State, 184; Church Street, 54 Penna. State, 353.

This Court will not review the discretion of the Court below: North Penna. R. R. Co. *v.* Davis, 26 Penna. State, 238; Duff's Private Road, 66 Penna State, 459; Fretz's Appeal, 15 Penna. State, 397; Loretto Road, 29 Penna. State, 350; Catlin *v.* Robinson, 2 Watts, 373; Renninger *v.* Thompson, 6 S. & R., 1.

Where a decision is committed by the law to the discretion of the primary courts, not even the consent of parties can give the Supreme Court jurisdiction: McKee *v.* Sanford, 1 Casey, 105; Rogers *v.* Whiteley, 2 Wr., 137; Commonwealth *v.* Demott, 64 Penna. State, 307.

The tenor of all decisions in Pennsylvania is to place the question within the sound legal discretion of the court from which the writ issues, to be exercised with a view mainly to the best interest of the child.

PER CURIAM: This Court has no jurisdiction to review the decision of a Court of Common Pleas upon a habeas corpus issued by that Court. No certiorari is effectual to bring up anything but the record, and no irregularity or defect of power in the Court below is presented. The associate judges had the undoubted right to overrule the opinion of the president.

Writ of certiorari quashed.